**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **DAVID J. KING** | ) | |
| **Plaintiff.** | ) | |
| | ) | **Case No.:** |
| **vs.** | ) | |
| | ) | |
| | ) | |
| **GLOVIS AMERICA, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

Plaintiff David J. King files this Complaint against Defendant Glovis America, Inc. for race discrimination and discriminatory termination in violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981, and alleges as follows:

## PARTIES

1. Plaintiff David J. King is an African American man and a resident of Montgomery, Alabama.
2. Defendant Glovis America, Inc. (also known as Hyundai Glovis) is a corporation doing business in Montgomery County, Alabama, including at or near 250 Hyundai Boulevard, Montgomery, Alabama 36105.
3. At all relevant times, Defendant was an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b), because it employed fifteen or more employees during the relevant period.

## JURISDICTION AND VENUE

4. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e through 2000e-17, and 42 U.S.C. § 1981.

5. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5(f)(3).
6. Venue is proper in this District under 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices alleged in this Complaint occurred in Montgomery County, Alabama, and relevant employment records are maintained or administered in this District.
7. This action is properly assigned to the Northern Division because Montgomery County is within that Division.

**ADMINISTRATIVE PREREQUISITES**

8. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant, Charge No. 420-2025-02930, alleging race discrimination and discriminatory termination.
9. On May 19, 2026, the EEOC issued Plaintiff a Determination and Notice of Rights authorizing him to sue Defendant on the charge.
10. Plaintiff has satisfied all conditions precedent to filing this action.
11. Plaintiff commenced this action within ninety days after receiving the EEOC's Determination and Notice of Rights.

**FACTUAL ALLEGATIONS**

12. Defendant hired Plaintiff in or about August 2023 as an Operations Manager at its Montgomery, Alabama facility.
13. Plaintiff was one of approximately five Operations Managers.
14. Plaintiff's direct supervisor was Mark Stewart, a white Senior Operations Manager.
15. Plaintiff was qualified for the Operations Manager position and performed his duties satisfactorily.

16. Before the events leading to his termination, Plaintiff had not received a written warning, suspension, or other formal discipline for violating Defendant's policies or for deficient work performance.
17. On or about August 9, 2024, Plaintiff sustained an injury and began an approved medical leave.
18. Plaintiff returned to work on or about February 27, 2025.
19. After Plaintiff returned, Stewart became unusually critical of Plaintiff, undermined his authority, and treated him less favorably than white managers.
20. Defendant contends that it sent managers an email on or about March 5, 2025 concerning a policy against using customer vehicles for shuttle or taxi purposes.
21. Plaintiff did not receive or acknowledge that email and was unaware that the practice was prohibited when he returned from medical leave.
22. Plaintiff did not intentionally violate Defendant's vehicle-use policy.
23. Defendant also accused Plaintiff of entering an incorrect time for an employee without first checking the facility's turnstile records.
24. Plaintiff relied on the time reported to him by the employee and did not intentionally falsify any timekeeping record.
25. Defendant had not previously warned, coached, suspended, or otherwise disciplined Plaintiff concerning either issue.
26. On or about March 20, 2025, Stewart informed Plaintiff that Defendant was terminating his employment based on the alleged vehicle-use and timekeeping violations.
27. Plaintiff explained that he had not known of the asserted change or reminder concerning vehicle use and that any errors were unintentional.
28. Defendant nevertheless imposed the most severe possible discipline—termination—without first using any lesser form of discipline.

29. Defendant treated white managers and employees more favorably when addressing misconduct and policy violations.
30. In particular, a white Operations Manager received numerous complaints concerning his workplace conduct and continued policy violations but was not terminated.
31. Instead of terminating that white Operations Manager, Defendant moved him to another shift and later promoted him to a General Manager position at another facility.
32. Other employees outside Plaintiff's protected class who violated workplace policies were given additional opportunities, including written discipline or short suspensions, rather than termination.
33. Defendant's markedly different treatment of Plaintiff and white employees demonstrates that its asserted reasons for terminating Plaintiff were not applied consistently.
34. Defendant's stated reasons for terminating Plaintiff were pretext for race discrimination.
35. Defendant terminated Plaintiff because of his race.
36. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered lost wages, lost benefits, emotional distress, inconvenience, humiliation, and other compensable harm.

**COUNT I — RACE DISCRIMINATION AND DISCRIMINATORY TERMINATION UNDER TITLE VII**

37. Plaintiff is African American and is protected from race discrimination by Title VII.
38. Defendant employed Plaintiff as an Operations Manager beginning in or about August 2023.

39. Plaintiff was qualified for his position and performed his duties satisfactorily, without prior written warnings, suspensions, or other formal discipline for policy violations or deficient performance.
40. Defendant accused Plaintiff of violating a vehicle-use policy and entering an incorrect time for an employee.
41. Plaintiff did not intentionally violate the vehicle-use policy or falsify a time record, and Defendant had not previously warned, coached, suspended, or otherwise disciplined him for either issue.
42. Defendant terminated Plaintiff's employment on or about March 20, 2025.
43. Defendant treated similarly situated white managers and employees more favorably by allowing them to remain employed despite workplace complaints and policy violations and by imposing lesser or no discipline.
44. Defendant moved one white Operations Manager to another shift and later promoted him to General Manager despite numerous complaints and continuing policy violations.
45. Defendant's unequal discipline, departure from progressive disciplinary options, treatment of white employees, and reliance on disputed allegations show that its stated reasons for terminating Plaintiff were pretextual.
46. Plaintiff's race was a motivating factor in Defendant's decision to terminate him.
47. Defendant intentionally discriminated against Plaintiff because of his race in violation of Title VII, 42 U.S.C. § 2000e-2(a).
48. Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights.
49. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer lost wages, lost benefits, emotional distress, inconvenience, humiliation, and other damages.

**COUNT II — RACE DISCRIMINATION AND DISCRIMINATORY TERMINATION UNDER 42 U.S.C. § 1981**

50. Plaintiff is African American.

51. Defendant employed Plaintiff as an Operations Manager beginning in or about August 2023, creating an employment and contractual relationship protected by 42 U.S.C. § 1981.

52. Section 1981 guarantees Plaintiff the same right as white citizens to make and enforce contracts, including the performance, modification, and termination of contracts and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

53. Plaintiff was qualified for the Operations Manager position and performed his duties satisfactorily, without prior written warnings, suspensions, or other formal discipline for policy violations or deficient performance.

54. Defendant accused Plaintiff of violating a vehicle-use policy and entering an incorrect time for an employee.

55. Plaintiff did not intentionally violate the vehicle-use policy or falsify a time record, and Defendant had not previously warned, coached, suspended, or otherwise disciplined him for either issue.

56. Defendant terminated Plaintiff's employment on or about March 20, 2025.

57. Defendant treated white managers and employees more favorably by allowing them to remain employed despite workplace complaints and policy violations and by imposing lesser or no discipline.

58. Defendant moved one white Operations Manager to another shift and later promoted him to General Manager despite numerous complaints and continuing policy violations.

59. Defendant's unequal discipline, treatment of white employees, and reliance on disputed allegations demonstrate that its stated reasons for terminating Plaintiff were pretextual.

60. But for Plaintiff's race, Defendant would not have subjected him to unequal discipline or terminated his employment.

61. By intentionally discriminating against Plaintiff because of his race in the terms, conditions, and termination of his employment, Defendant impaired Plaintiff's right to make and enforce contracts on the same basis as white citizens, in violation of 42 U.S.C. § 1981.

62. Defendant acted intentionally and with malice or reckless indifference to Plaintiff's federally protected rights.

63. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer lost wages, lost benefits, emotional distress, inconvenience, humiliation, and other damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant and award:

A. A declaration that Defendant violated Title VII and 42 U.S.C. § 1981;

B. Reinstatement to an appropriate position or, if reinstatement is not feasible, front pay;

C. Back pay, lost benefits, and other equitable monetary relief, with prejudgment interest;

D. Compensatory damages in an amount to be determined by the jury;

E. Punitive damages in an amount permitted by law;

F. Attorney's fees, litigation expenses, and costs under 42 U.S.C. §§ 1988 and 2000e-5(k) and other applicable law;

G. Injunctive and other equitable relief necessary to remedy Defendant's unlawful practices; and

H. All other relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ *Terrell E. McCants*
Terrell E. McCants ASB-2299-L68M
MCC176

Civil Rights Law Group, LLC
420 North 20th Street,
Suite 2200
Birmingham, AL 35203
e-mail: tmccants@thecivilrightslawgroup.com
phone: 205-771-4999